**In the Matter of Neil C. THOMAS, Respondent.**

**No. 82S00–1011–DI–647.**

Supreme Court of Indiana.

March 24, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent began taking Fiorinal with Codeine, a Schedule III controlled substance, in the mid–1970s for migraine headaches. In 2001, he began experiencing severe muscle spasms and increased his use of the drug. From February 2009 through February 2010, while serving as a deputy prosecuting attorney, Respondent obtained 85 prescriptions for Fiorinal with Codeine from three different physicians, in violation of Ind. Code § 35–48–4–14(c), which provides:

A person who knowingly or intentionally acquires possession of a controlled substance by misrepresentation, fraud, forgery, deception, subterfuge, alteration of a prescription order, concealment of a material fact, or use of a false name or false address commits a Class D felony.

Respondent resigned his position as a deputy prosecuting attorney in March 2010 and is currently unemployed. Facts in mitigation are: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Re-

spondent began treatment for his addiction to pain medication in March 2010 and has been abstinent from pain medication since then.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The Court, having considered the submissions of the parties, now approves the following agreed discipline:

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning April 29, 2011, with 60 days actively served and the remainder stayed subject to completion of 18 months of probation** with monitoring by the Judges and Lawyers Assistance Program. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall remain abstinent from pain mediation unless prescribed by a physician.

(2) Respondent shall have no violations of the law or the Rules of Professional Conduct during his probation.

(3) If Respondent violates his probation, the Commission will petition to revoke his probation and request the balance of the stayed suspension be actively served without automatic reinstatement.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.